FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 2 1 2009

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SELEX COMMUNICATIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.<br><br>Defendant. | Civil Action No.: _____<br><br>1 09-CV-2927 TCB<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Selex Communications, Inc. ("Selex") for its complaint against defendant Google, Inc., ("Google") alleges as follows:

1. Plaintiff Selex is a corporation organized and existing under the laws of the State of Delaware having a principal place of business located at 1150 Ives Court NE, Atlanta, GA 30319.

2. On information and belief, defendant Google is a corporation organized and existing under the laws of the State of Delaware, having a regular and established place of business located at Millennium at Midtown, 10 10th Street NE, Suite 600, Atlanta GA 30309.

1

3. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the U.S. Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Google is subject to personal jurisdiction in this judicial district.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 (c) and 1400(b).

6. On October 23, 2001, United States Letters Patent No. 6,308,070 ("the '070 Patent") entitled "Method and Apparatus of Minimizing Incurred Charges by the Remote Origination of Telephone Calls" was duly and legally issued to Selex by the United States Patent and Trademark Office. A true and correct copy of the '070 patent is attached as Exhibit A to this complaint.

7. On or around February 17, 2000, Selex acquired from Selex Communications, LLC all right, title and interest in the '070 patent, including the right to collect for past damages. At all relevant times since that date, Selex has owned and continues to own all right, title and interest in and to the '070 patent, including the right to collect for past damages.

8. The '070 patent is generally directed to remote telephone call origination to "avoid high [telephone] charges in one locale and to incur lower charges in a second, lower-cost locale" (Ex. A at col. 2, ll. 49-52).

9. The '070 patent includes 21 claims, of which claims 1-6 are directed to a method of placing a call using a mobile telephone and claims 7-21 are directed to certain mobile telephones.

10. On information and belief, Google is and has been providing a telecommunications service in the United States referred to as "Google Voice" that was formerly known as "Grand Central" and that allows users to place calls using a remote telephone call origination server.

11. On information and belief, using Google Voice, "Outbound calls [including calls from mobile telephones] may be placed to domestic and international destinations by dialing the Google Voice number or from a web-based application. Inbound and domestic outbound calls (including calls to Canada, Alaska and Hawaii) are free of charge, while international calls are billed according to a schedule posted on the Google Voice website." *Google Voice*, Wikipedia, http://en.wikipedia.org/wiki/Google_Voice (last visited Oct. 16, 2009). (Exhibit B).

12. On information and belief, Google is and has been providing to certain mobile telephone subscribers in the United States who have a contractual relationship with Google, including mobile telephone subscribers in this district, a Google Voice remote telephone call origination feature referred to as "Click2Call" variously described on Google's website. *Google Voice Help, Google Voice*

*Basics: Making Calls*, http://www.google.com/support/voice/bin/answer.py?hl=en&answer=115079 (last visited Oct. 16, 2009).

13. On information and belief, Google also is and has been providing to mobile telephone users in the United States, including mobile telephone users in this district, a Google Voice remote telephone call origination feature referred to as "Call Widgets" (formerly known as "Webcall") and variously described on Google's website. *Google Voice Help, Calls: About Call Widgets*, http://www.google.com/support/voice/bin/answer.py?hl=en&answer=115128 (last visited Oct. 16, 2009).

14. On information and belief, the "Call Widgets" feature allows third parties to call Google Voice subscribers, who have a contractual relationship with Google, from the subscribers' websites or blogs using Google's remote telephone call origination server. *Google Voice Help, Calls: About Call Widgets*, http://www.google.com/support/voice/bin/answer.py?hl=en&answer=115128 (last visited Oct. 16, 2009).

15. On information and belief, when a Google Voice subscriber using a mobile telephone chooses the "Click2Call" feature or a mobile telephone user chooses the "Call Widgets" feature to place a call, in either case, Google provides to the calling party, via the Internet, an interface enabling the calling party to enter

4

a telephone number so that Google is then able to connect the calling party to a destination telephone. *Google Voice Help, Calls: About Call Widgets*, http://www.google.com/support/voice/bin/answer.py?hl=en&answer=115128 (last visited Oct. 16, 2009). *See also See How Google Voice Works With Your Phones*, http://www.google.com/googlevoice/about.html (last visited Oct. 16, 2009).

16. On information and belief and with respect to the "Click2Call" and "Call Widgets" features, Google reserves the "right to restrict calls or connections to any telephone in its sole discretion." *Google Voice: Legal Notices*, http://www.google.com/googlevoice/legal-notices.html (last visited Oct. 16, 2009).

17. On information and belief, Google's Terms of Service for Google Voice, that includes the "Click2Call" and "Call Widgets" features, state that Google's services "are supported by advertising revenue and may display advertisements and promotions. These advertisements may be targeted to the content of information stored on the Services, queries made through the Services or other Information." *Google Terms of Service*, § 17.1, http://www.google.com/accounts/TOS (last visited Oct. 16, 2009).

18. On information and belief, Google "sees mobile advertising as a big growth opportunity because cellphones are ubiquitous and seen as 'a more personal experience' for consumers than their personal computers." Andrew LaVallee, *Google and Verizon Say Two Android Phones, With Google Voice, To Come This*

*Year*, Wall Street Journal Blogs, Oct. 6, 2009, http://blogs.wsj.com/digits/2009/10/06/google-and-verizon-say-two-android-phones-with-google-voice-to-come-this-year. (Exhibit C).

19. On information and belief, under certain circumstances, Google requires subscribers to pay it "fees in connection with the [Google Voice] Services" and Google informs subscribers that, "[d]epending upon the level of Services selected…, there may be charges for calls to or from certain locations." *Google Voice: Legal Notices*, http://www.google.com/googlevoice/legal-notices.html (last visited Oct. 16, 2009).

20. On information and belief and with respect to the "Click2Call" or "Call Widgets" features, by virtue of its contractual relationship with subscribers, its reservation of the right to restrict calls, its ability to otherwise supervise calls, its provision of an interface to calling parties to obtain destination telephone numbers from the calling parties, and its direct financial interest in advertising derived from use of these features, Google directs or controls users of the "Click2Call" and "Call Widgets" features and/or otherwise is vicariously liable for use of the features.

21. On or about June 3, 2008, counsel for Selex, by letter, provided written notice of infringement of the '070 patent to Google, together with specific

infringement contentions relating to Google's "Click2Call" feature and its "Call Widgets" feature (then named "Webcall").

22. On or about July 29, 2008, having received no response from Google, counsel for Selex, by letter, provided a follow-up to its June 3rd letter and included an additional copy of infringement contentions relating to Google's "Click2Call" and "Call Widgets" features.

23. On or about September 12, 2008, in a telephone conference between counsel for Selex and counsel for Google, Selex counsel further explained Selex's infringement contentions with regard to the '070 patent.

24. On or about December 3, 2008, and again on March 12, 2009, Selex offered to license the '070 patent to Google.

25. On May 1, 2009, having received no response from Google with respect to the license offers, Selex revoked its license offers to Google.

26. On information and belief, Google is and has been providing to Google Voice subscribers using a mobile telephone in the United States, including Google Voice subscribers using a mobile telephone in this district, a remote telephone call origination feature referred to as "Google Voice Dialer App" and variously described on Google's website. *Google Mobile: Or Get the Voice Dialer App*, http://www.google.com/mobile/products/voice.html#p=default (last visited Oct. 16, 2009).

27. On or about May 12, 2009, counsel for Selex sent an email to Google forwarding a letter that Selex had sent to a third party stating that offering the "Google Voice Dialer App" for sale in the United States was "inducing others to infringe the '070 patent, a violation of the patent statute, 35 U.S.C. §271(b)."

28. Google never responded to the May 12, 2009 email from Selex.

### COUNT I: INFRINGEMENT RE "CLICK2CALL"

29. The allegations contained in each of the above paragraphs are incorporated herein by reference as if set forth in full.

30. On information and belief, without license or authorization to do so, and in violation of 35 U.S.C. § 271(a), Google has directly infringed one or more of the method claims of the '070 patent in the United States, including but not limited to claim 1, by placing calls initiated with the "Click2Call" feature.

31. On information and belief, without license or authorization to do so, and in violation of 35 U.S.C. § 271(a), Google has directly infringed one or more of the method claims of the '070 patent in the United States, including but not limited to claim 1, by placing calls using the "Click2Call" feature and, as part thereof, by directing or controlling mobile telephone users to transmit, or otherwise being vicariously liable for the subscribers' transmission of, data messages from their mobile telephones to a data network.

32. On information and belief, without license or authorization to do so, and in violation of 35 U.S.C. § 271(a), Google and/or its subscribers have directly infringed one or more claims of the mobile telephone claims of the '070 patent, including but not limited to claim 14, by making and/or using mobile telephones in the United States that are enabled with Google's "Click2Call" feature.

33. On information and belief, and in violation of 35 U.S.C. §§ 271(b) and/or 271(c), Google has indirectly infringed one or more claims of the '070 patent by inducing or contributing to the direct infringement by Google Voice subscribers as specified in the immediately preceding paragraph.

34. On information and belief, since at least June 2008, Google's acts of infringement with regard to Google's "Click2Call" feature of Google Voice as set out above have been deliberate and willful, and in reckless disregard of Selex's patent rights.

35. Selex has been damaged by the foregoing infringing activities of Google with respect to the "Click2Call" feature.

36. On information and belief, Google will continue its infringing activities with respect to the "Click2Call" and will continue to damage Selex unless enjoined by this Court. Selex has no adequate remedy at law.

## COUNT II: INFRINGEMENT RE "CALL WIDGETS"

37. The allegations contained in each of the above paragraphs are incorporated herein by reference as if set forth in full.

38. On information and belief, without license or authorization to do so, and in violation of 35 U.S.C. § 271(a), Google has directly infringed one or more of the method claims of the '070 patent in the United States, including but not limited to claim 1, by placing calls, initiated with the "Call Widgets" feature.

39. On information and belief, without license or authorization to do so, and in violation of 35 U.S.C. § 271(a), Google has directly infringed one or more of the method claims of the '070 patent in the United States, including but not limited to claim 1, by placing calls using the "Call Widgets" feature and, as part thereof, by directing or controlling mobile telephone users to transmit, or otherwise being vicariously liable for the users' transmission of, data messages from their mobile telephones to a data network.

40. On information and belief, without license or authorization to do so, and in violation of 35 U.S.C. § 271(a), Google and/or mobile telephone users have directly infringed one or more claims of the mobile telephone claims of the '070 patent, including but not limited to claim 14, by making and/or using mobile telephones in the United States that are enabled with Google's "Call Widgets" feature.

41. On information and belief, and in violation of 35 U.S.C. §§ 271(b) and/or 271(c), Google has indirectly infringed one or more claims of the '070 patent by inducing or contributing to the direct infringement by mobile telephone users as specified in the immediately preceding paragraph.

42. On information and belief, since at least June 2008, Google's acts of infringement with regard to Google's "Call Widgets" feature of Google Voice as set out above have been deliberate and willful, and in reckless disregard of Selex's patent rights.

43. Selex has been damaged by the foregoing infringing activities of Google with respect to the "Call Widgets" feature.

44. On information and belief, Google will continue its infringing activities with respect to the "Call Widgets" feature, and will continue to damage Selex unless enjoined by this Court. Selex has no adequate remedy at law.

**COUNT III: INFRINGEMENT RE "GOOGLE VOICE DIALER APP"**

45. The allegations contained in each of the above paragraphs are incorporated herein by reference as if set forth in full.

46. On information and belief, without license or authorization to do so, and in violation of 35 U.S.C. § 271(a), Google and/or mobile telephone subscribers have directly infringed one or more of the mobile telephone claims of the '070 patent, including but not limited to claim 14, by making and/or using mobile

telephones in the United States that are enabled with the "Google Voice Dialer App" feature.

47. On information and belief, and in violation of 35 U.S.C. §§ 271(b) and/or 271(c), Google has indirectly infringed one or more of the mobile telephone claims of the '070 patent, including but not limited to claim 14, by inducing or contributing to the direct infringement by Google Voice subscribers using mobile telephones specified in the immediately preceding paragraph.

48. On information and belief, since at least May 12, 2009, Google's acts of infringement with regard to the "Google Voice Dialer App" feature as set forth above have been deliberate and willful, and in reckless disregard of Selex's patent rights.

49. Selex has been damaged by the foregoing infringing activities of Google with respect to the "Google Voice Dialer App" feature.

50. On information and belief, Google will continue its infringing activities with respect to the "Google Voice Dialer App" feature, and will continue to damage Selex unless enjoined by this Court. Selex has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

51. Plaintiff hereby demands a trial by jury on all issues or claims so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Selex requests that this Court enter a final judgment:

a. holding that Google has infringed the '070 patent under 35 U.S.C. § 271;

b. awarding damages adequate to compensate Selex for the infringement of the '070 patent by Google, together with prejudgment and post-judgment interest and costs as fixed by the Court as provided by 35 U.S.C. § 284;

c. finding that Google's infringement has been willful and awarding treble damages as provided by 35 U.S.C. § 284;

d. finding that this is an exceptional case and awarding Selex its reasonable attorney fees incurred in prosecuting this action as provided by 35 U.S.C. § 285;

e. permanently enjoining Google, and its affiliates, and officers, agents, employees, attorneys, and all other persons in active concert or participation with it, from further infringement of the '070 patent during its term as provided by 35 U.S.C. § 283; and

  f.  such other and further relief as the Court deems just and proper.

Dated: October 21, 2009

By: /s/ Christopher M. Arena
Christopher M. Arena
Georgia Bar No. 887755
Attorney for Selex Communications, Inc.
Woodcock Washburn, LLP
1180 Peachtree Street. Suite 1800
Atlanta, GA 30309
(404) 459-5644
(404) 459-4217 (fax)

Dale M. Heist
Woodcock Washburn LLP
Cira Center
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
(215) 568-3100
(215) 568-3439 (fax)