IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SELEX COMMUNICATIONS, INC.,
   Plaintiff,
     v.
GOOGLE INC., et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-2927-TWT

ORDER

This is a patent infringement action. It is before the Court on the Defendants' Motion to Dismiss [Doc. 50]. For the reasons set forth below, the Court GRANTS in part and DENIES in part the Defendants' motion.

I. Background

Selex Communications, Inc. ("Selex") holds U.S. Patent No. 6,308,070 (the "'070 Patent") [see Doc. 50-2]. The '070 Patent recites methods for placing long distance telephone calls over the internet. Rates for inbound and outbound telephone calls vary significantly from one market to another around the world. The '070 Patent describes a "callback scheme" that allows customers to place calls to expensive markets at discounted rates. Claims 1-6, 22-34, and 108-122 of the '070 Patent are

method claims. Of those Claims, only Claims 1 and 108 are independent claims. Claim 1 recites:

> 1. A method of placing a long distance call using a mobile telephone of the type having a data messaging device for communicating with a data network and using an RTCO platform to avoid charges in one locale and to incur charges in a second locale, the method comprising the steps of:
>
> capturing, in the mobile telephone, a telephone number dialed by a user of the mobile telephone,
>
> transmitting a data message from the mobile telephone to the data network using the data messaging device of the mobile telephone without requiring that the user dial the telephone number of the RTCO platform itself, the data message including the captured dialed telephone number and identifying the mobile telephone;
>
> relaying the data message from the data network to the RTCO platform; placing a first call from the RTCO platform to the mobile telephone; and
>
> placing a second call from the RTCO platform to the number dialed in a manner to connect the first and second calls to each other.

[Doc. 50-2]. Claim 108 recites the same four steps and adds additional limitations.

Google Inc. and Google Voice Inc. (collectively, "Google"), provide a service that allows subscribers to place calls to domestic and international destinations ("Google Voice"). When a subscriber dials a telephone number on a mobile phone, the call is captured by a data network. That network relays the telephone number to a remote telephone call origination server ("RTCO"). In turn, the RTCO places a call

to the caller's mobile phone. Finally, the RTCO places a second call to the originally dialed number and connects the two calls.

On October 21, 2009, Selex filed this lawsuit against Google alleging infringement of the method claims of the '070 Patent [Doc. 1]. Specifically, Selex claims that Google Voice infringes the '070 Patent method claims by placing long distance telephone calls using RTCOs. Selex also alleges that Google's Android operating system infringes the '070 Patent by supporting internet calling. On August 18, 2011, the Plaintiff filed a First Amended Complaint [Doc. 40]. On September 15, 2011, the Plaintiff filed a Second Amended Complaint [Doc. 46].

On October 12, 2011, Google filed a Motion to Dismiss the Method Claims and "Gingerbread" Allegations [Doc. 50]. The Defendants argue that Selex cannot show indirect infringement with respect to Google Voice. Specifically, Google contends that no single party performs all the steps necessary to complete a call using Google Voice. Further, the Defendants assert that the Second Amended Complaint fails to state a claim with respect to Gingerbread.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6). A complaint may survive a motion

to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III. Discussion

#### A. Google Voice

The Defendants contend that Google Voice does not infringe the '070 Patent because no single entity performs all the steps in Claims 1 and 108 of the '070 Patent. "Indirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement." BMC Res., Inc. v. Paymentech, L.P., 498 F.3d 1373, 1379 (Fed. Cir. 2007). However, "a defendant

cannot . . . avoid liability for direct infringement by having someone else carry out one or more of the claimed steps on its behalf." Id. at 1379. "Accordingly, where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed . . . if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.'" Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1329 (Fed. Cir. 2008). Claims 1 and 108 are the only independent Claims in the '070 Patent. Thus, "[a] conclusion of noninfringement as to [Claims 1 and 108] requires a conclusion of noninfringement as to the dependent claims." Id. at 1329 n.5.

Here, the Complaint alleges that the infringing method begins when end-users initiate a call by dialing a number into their mobile phones. That number is transmitted to a data network before being sent to a "Softswitch" platform.[1] Google then places a call from the Softswitch platform to the intended recipient. Finally, Google places a second call to the user's mobile phone and connects the two calls. (See Second Am. Compl. ¶ 18.) Selex concedes that no single entity completes all steps of the infringed method. Rather, the Plaintiff asserts that end users control and direct the infringing method pursuant to a subscription agreement. Selex, however, argues that it need not plead facts showing joint infringement at this stage.

---

[1] Selex alleges that the Softswitch platform is analogous to a RTCO platform.

Specifically, Selex claims that it only needs to satisfy the requirements of Form 18. (See FED. R. CIV. P. FORM 18 (setting forth sample patent infringement complaint including 1) allegation of jurisdiction; 2) statement that plaintiff owns patent; 3) statement that defendant has been infringing patent "by making, selling and using [the device] embodying the patent"; 4) statement that the plaintiff has given defendant notice of infringement; and 5) demand for an injunction and damages).

In Desenberg v. Google, Inc., No. 08-CIV-10121, 2009 U.S. Dist. LEXIS 66122 (S.D.N.Y. July 30, 2009), *aff'd*, 392 Fed. App'x 868 (Fed. Cir. 2010),[2] the plaintiff alleged infringement of a method patent for purchasing lead options. The defendant argued that no single entity performed the patented process and that the complaint failed to "allege[ ] that [the defendant] act[ed] as a 'mastermind' directing or controlling the actions or participation of users." Id. at *23-24. The district court dismissed the plaintiff's claim, reasoning that "[the plaintiff] has not alleged that those who participate in [the allegedly infringing method] do so at the behest of [the defendant], even under an expansive interpretation of 'direction or control.'" Id. at *24; see also Friday Group v. Ticketmaster, No. 08 CV 01203, 2008 WL 5233078 at *3 (E.D. Mo. Dec. 12, 2008) (granting motion to dismiss patent infringement claim

---

[2]The Federal Circuit reviewed the district court's reasoning and found that "[p]recedent [was] in accord with the district court's analysis." Desenberg, 392 Fed. App'x at 872.

where the "[p]laintiff's complaint . . . [did] not allege that any single defendant performed all of the steps of the method or that any defendant was the 'mastermind' behind the operation. Absent the allegation that one of these defendants was the one that directed or controlled the method, Plaintiff fails to state a claim for direct infringement.")

Similarly, in Global Patent Holdings, LLC v. Panthers BRHC LLC, 586 F. Supp. 2d 1331 (S.D. Fla. 2008), the plaintiff brought a patent infringement claim. The patent at issue allowed remote users to ask questions and receive responses from a server. The defendant moved to dismiss, arguing that the complaint failed to allege joint infringement. The court noted that the patent "require[d] two individuals or entities to complete all of the method's steps . . . a remote computer user, and the website server." Id. at 1335. The plaintiff, however, argued that the defendant controlled the entire process by making computer programs available to remote users on the defendant's website. The court granted the defendant's motion, reasoning that the "[p]laintiff ha[d], in no way, alleged that remote users [were] contractually bound to visit the website, it ha[d] not alleged that the remote users [were] Defendant's agents who visit[ed] the website within the scope of their agency relationship nor ha[d] it alleged any facts which would render [d]efendant otherwise vicariously liable for the acts of the remote user." Id.; see also EON Corp. IP Holdings LLC v. FLO

TV Inc., 802 F. Supp. 2d 527, 535 (Del. July 12, 2011) (finding that plaintiff in patent infringement action alleging joint infringement must plead control or direction to survive motion to dismiss).

Selex, however, relies on CBT Flint Partners, LLC v. Goodmail Systems, Inc., 529 F. Supp. 2d 1376 (N.D. Ga. 2007). In CBT, the plaintiff brought a patent infringement action related to a method for billing fees. The defendant moved to dismiss the claims, arguing that the complaint failed to specify which patent claims the defendant had allegedly infringed. The court denied the defendant's motion, noting that "[r]equiring heightened factual pleading in the patent context is particularly unnecessary." Id. at 1380; see also McZeal v. Spring Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007) ("[A] plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent."). The court reasoned that "Local Patent Rules require plaintiffs to disclose a great deal of extremely detailed information." CBT, 529 F. Supp. 2d at 1380. Specifically, the local rules required the plaintiff to disclose "each claim of each patent in suit that is allegedly infringed by each opposing party, a detailed and separate description of each accused apparatus, method, composition or other instrumentality of each accused party of which the claiming party is aware, a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality,

[w]hether each element of each asserted claim is claimed to be literally present, present under the doctrine of equivalents, or both, and for any patent that claims priority, the priority date to which each asserted claim allegedly is entitled." Id. at 1381 (internal quotations and citations omitted).

Here, as in Desenberg and Global Patent, but unlike in CBT, the Plaintiff asserts a theory of joint infringement. Specifically, the Plaintiff contends that the '070 Patent was infringed by multiple parties acting at the direction of cell phone users. The Plaintiff's reliance on McZeal and CBT is therefore misplaced. Unlike in McZeal and CBT, the Defendants do not contend that Selex has failed to plead all the elements of the '070 Patent. See McZeal, 501 F.3d at 1357 (noting that plaintiff need not plead each element of allegedly infringed patent claim). Rather, the Defendants argue that Selex has failed to plead facts alleging that cell phone users direct or control the process of placing a call using Google Voice. See Desenberg, 392 Fed. App'x at 871 (affirming dismissal of patent infringement action where plaintiff failed to plead direction or control). Without pleading "control or direction," Selex has not set forth a plausible claim for joint patent infringement. See Muniauction, 532 F.3d at 1329 ("[W]here the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed *only* if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e.,

the 'mastermind.'") (emphasis added); Eon, 802 F. Supp. 2d at 535 ("Even if the claims at issue are read in the light most favorable to plaintiff and are construed to not require multiple actors, plaintiff's complaint is still insufficient to meet the joint infringement pleading requirement . . . because plaintiff fails to allege that any one defendant sufficiently controls or directs other parties in performing the infringing acts."). Form 18 sets forth a sufficient complaint alleging direct patent infringement. It does not attempt to address pleading joint infringement. For these reasons, Selex must plead facts supporting its theory of joint infringement.

The Plaintiff, however, contends that it has sufficiently pled joint infringement. As discussed above, Selex argues that end-users direct and control the process of making a call using Google Voice. Specifically, Selex contends that the subscription agreement between Google and its subscribers establishes "direction or control" sufficient to plausibly support joint infringement. See Global Patent, 586 F. Supp. 2d at 1335 (finding that "third party must perform the steps of the patented process by virtue of a contractual obligation or other relationship that gives rise to vicarious liability in order for a court to find 'direction or control.'").

In Emtel, Inc. v. Lipidlabs, Inc., 583 F. Supp. 2d 811 (S.D. Fla. 2008), the plaintiff alleged that the defendants infringed a method patent for diagnosing and treating medical patients using video conferencing technology. The plaintiff alleged

that the defendants controlled performance of the method pursuant to certain contracts with treating physicians. The court held, however, that the contracts did not establish joint infringement. The court reasoned that although "[t]he contracts set some basic parameters for the physicians-including adhering to professional standards, maintaining liability insurance, complying with schedules, using certain billing services-[the contracts] do not set limits on or assert control over the physicians' medical work, judgment, or skill." Id. at 838. Thus, the defendants did not exercise control over all steps of the patented method.

Here, as in Emtel, Selex alleges that cell phone users enter into subscription agreements with Google. The Plaintiff does not, however, allege that these agreements "contractually obligate" Google to connect Google Voice calls using the Softswitch interface. See Global Patent, 586 F. Supp. 2d at 1335 ("[T]he third party must perform the steps of the patented process by virtue of a contractual obligation or other relationship that gives rise to vicarious liability in order for a court to find 'direction or control.'"). Indeed, as in Emtel, the Second Amended Complaint specifically alleges that "Google reserves the right to restrict calls or connections to any telephone in its sole discretion. These may include, but are not limited to certain geographic locations, special services numbers, satellite telephony services, and other call forwarding services." (Second Am. Compl. ¶ 21) (internal quotations omitted).

Indeed, the Plaintiff alleges that in the exercise of its discretion "Google Voice does not complete all calls." (Id. ¶ 22.) Thus, viewing the allegations in the light most favorable to the Plaintiff, Selex has not alleged that cell phone users direct or control the allegedly infringing method. For this reason, the Plaintiff's claims with respect to Google Voice are dismissed.

    B.    <u>Gingerbread</u>

The Defendants argue that the Second Amended Complaint does not state a claim for relief with respect to Google's Gingerbread mobile operating system. First, Google contends that Selex does not "identify any feature in Gingerbread that practices any patented feature of the '070 Patent." (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at 21.) As discussed above, "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." <u>McZeal</u>, 501 F.3d at 1357. As discussed in <u>CBT</u>, the Northern District's Local Patent Rules require the Plaintiff to provide "each claim of each patent in suit that is allegedly infringed by each opposing party, a detailed and separate description of each accused apparatus, method, composition or other instrumentality of each accused party of which the claiming party is aware, a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, [w]hether each element of each asserted claim is claimed to be literally present,

present under the doctrine of equivalents, or both, and for any patent that claims priority, the priority date to which each asserted claim allegedly is entitled." CBT, 529 F. Supp. 2d at 1380-1381.

Here, the Defendants contend that the Plaintiff has not stated which claims of the '070 Patent Gingerbread allegedly infringes. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at 22.) At this stage of the litigation, however, Selex need not "specifically include each element of the claims of the asserted patent." McZeal, 501 F.3d at 1357. Indeed, the Northern District's Local Patent Rules require detailed disclosures of the allegedly infringed patent and the allegedly infringing method. See CBT, 529 F. Supp. 2d at 1381. "Requiring similar detailed factual disclosures at the pleading stage would serve no useful purpose." Id.

Next, Google asserts that Selex has failed to "plead specific facts supporting the required knowledge and intent elements."[3] (Defs.' Br. in Supp. of Defs.' Mot. to

---

[3] The Defendants argue that Form 18 is not sufficient to support a claim for indirect infringement. (See Defs.' Reply in Supp. of Defs.' Mot. to Dismiss, at 11-15.) Indeed, the Defendants cite cases from other circuits requiring a heightened pleading standard with respect to knowledge and specific intent. See, e.g., Wistron Corp. v. Phillip M. Adams & Assocs., No. C-10-4458, 2011 U.S. Dist. LEXIS 102237, at *16-17 (N.D. Cal. Sept. 12, 2011) (noting that "[p]ost-Twombly and Iqbal, courts have typically rejected conclusory allegations of knowledge."). The Federal Circuit has yet to address this issue. Compare Elan Microelecs. Corp. v. Apple, Inc., No. C-09-01531, 2009 U.S. Dist. LEXIS 83715, at *7 (N.D. Cal. Sept. 14, 2009) ("Both types of indirect infringement include additional elements, none of which Form 18 even purports to address. In the absence of any other form that addresses

Dismiss, at 21.) To establish inducement of infringement,[4] the Plaintiff must show that Google "knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009).

Here, Selex alleges that Google actively worked with Samsung to develop a phone running Gingerbread. (Second Am. Compl. ¶ 32.) Further, the Plaintiff alleges that Google publishes a user's guide containing specific instructions for "Configuring Internet (SIP) Calling" using Gingerbread. (Id. ¶ 34.) Finally, the Second Amended Complaint alleges that Google was aware of the '070 Patent since at least June 3, 2008. (Id. ¶ 35.) These allegations, viewed in the light most favorable to Selex, state a plausible claim that Google acted knowingly, and with specific intent to induce

---

indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of Twombly and Iqbal."), with CBT, 529 F. Supp. 2d at 1380 ("Although the Form [18] only provides a model for pleading direct infringement, there is no principled reason, at least not one advanced by the [d]efendant, for requiring more factual detail when the claim is one for contributory infringement as opposed to direct infringement."). As discussed below, however, the Second Amended Complaint alleges facts plausibly supporting knowledge and specific intent. Thus, the Court need not determine whether indirect infringement requires allegations of knowledge and intent above and beyond Form 18.

[4]The Second Amended Complaint alleges that "third parties . . . have directly infringed one or more claims of the '070 Patent . . . by using Gingerbread-enabled mobile telephones" and "offering to sell, selling and/or importing Gingerbread-enabled mobile telephones in the United States." (Second Am. Compl. ¶¶ 62 & 63.)

infringement of the '070 Patent. See Iqbal, 129 S. Ct. at 1949 (complaint should be dismissed only where plaintiff fails to state plausible claim for relief). For this reason, the Plaintiff's claims relating to Gingerbread should not be dismissed.

IV. Conclusion

For the reasons set forth above, the Court GRANTS in part and DENIES in part the Defendants' Motion to Dismiss [Doc. 50].

SO ORDERED, this 10 day of May, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge